**Exhibit 5**

THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

**COURTNEY COULON**
1129 Sandalwood Drive
Harvey, LA 70058

-and-

**ASHLEY COULON**
1129 Sandalwood Drive
Harvey, LA 70058

       Plaintiffs,

v.

**RASIER LLC**
1455 Market Street
San Francisco, CA 94103

    SERVE:
    C T Corporation System
    1015 15th Street NW Suite 1000
    Washington, DC 20005

-and-

**HELMSMAN MANAGEMENT SERVICES, LLC**
175 Berkeley Street
Boston, MA 02116

    SERVE:
    Corporation Service Company
    84 State Street
    Boston, MA 02109

-and-

**ABU GODO**
3100 S Manchester Street
Apt. 801
Falls Church, VA 22044

-and-

Case No.   **2022 CA 000031 V**
Judge:
Next Event:

**BRITTANY BRUNSON**
5743 Gladstone Way
Capitol Heights, MD 20743

-and-

**IZAIAH MCNEIL**
10409 Bunch Berry Lane
Upper Marlboro, MD 20772

-and-

**ROSA TRAPP-DAIL**
10926 Riverview Road
Fort Washington, MD 20744

        Defendants.

## COMPLAINT

COMES NOW Plaintiffs Courtney Coulon and Ashley Coulon, by and through the undersigned counsel, and make this Complaint against Defendants Rasier, LLC ("Defendant Rasier"), Helmsman Management Services, LLC ("Defendant Helmsman"), Abu Godo ("Defendant Godo"), Brittany Brunson ("Defendant Brunson"), Izaiah McNeil ("Defendant McNeil"), and Rosa Trapp-Dail ("Defendant Trapp-Dail") (together, "Defendants"). In support thereof, Plaintiffs state as follows:

### Parties

1. Plaintiffs are individuals who reside at the above captioned address.

2. Defendant Rasier is a corporation that conducts business in the District of Columbia.

3. Defendant Helmsman is a corporation that is in the business of issuing, among other things, automobile insurance policies in, among other places, the District of Columbia.

4. Defendant Godo is an individual who resides at the above captioned address.

2

5. Defendant Brunson is an individual who resides at the above captioned address.

6. Defendant McNeil is an individual who resides at the above captioned address.

7. Defendant Trapp-Dail is an individual who resides at the above captioned address.

## Jurisdiction

8. This Court has subject matter jurisdiction over this action pursuant to § 11-921 of the D.C. Code in that this action was filed in the District of Columbia and no federal court has exclusive jurisdiction over this matter.

9. This Court has personal jurisdiction over Defendant Rasier pursuant to § 13-423(a)(1) of the District of Columbia Code in that Defendant Rasier transacts business in the District of Columbia.

10. This Court has personal jurisdiction over Defendant Helmsman pursuant to § 13-423(a)(6) of the District of Columbia Code in that Defendant Helmsman contracts to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia.

11. This Court has personal jurisdiction over Defendant Godo, Defendant Brunson, Defendant McNeil, and Defendant Trapp-Dail pursuant to § 13-423(a)(3) of the D.C. Code in that Defendant Godo caused a tortious injury in the District of Columbia by an act or omission in the District of Columbia.

## Factual Background

12. On or about May 19, 2019, Defendant Godo was operating a motor vehicle, in which Plaintiffs were passengers, on Interstate 395 in Washington, DC, at or near the South Capitol Street Exit in Washington, DC.

13. At all material times, Defendant Godo was acting within the scope of his employment and/or agency for Defendant Rasier.

14. At all material times, Defendant Rasier gave Defendant Godo authority and/or permission, either express or implied, to drive its vehicle.

15. On that same day, Defendants Brunson, McNeil, and Trapp-Dail were also operating a motor vehicle on Interstate 395 in Washington, DC, at or near the South Capitol Street Exit in Washington, DC, traveling in the same direction as Defendant Godo.

16. At approximately 8:00 p.m., on or about May 19, 2019, Defendant Godo's vehicle, in which Plaintiffs were passengers, struck and collided with Defendant Brunson's vehicle.

17. In addition to or in the alternative, at approximately 8:00 p.m., on or about May 19, 2019, Defendant Brunson's vehicle struck and collided with Defendant Godo's vehicle.

18. In addition to or in the alternative, at approximately 8:00 p.m., on or about May 19, 2019, Defendant McNeil's vehicle struck and collided with Defendant Godo's vehicle.

19. In addition to or in the alternative, at approximately 8:00 p.m., on or about May 19, 2019, Defendant Trapp-Dail's vehicle struck and collided with Defendant McNeil's vehicle, which then struck and collided with Defendant Godo's vehicle.

20. The striking and colliding were due to the violations of law and negligence of Defendants. Defendants' violations of law and negligence include, but are not limited to, failing to pay full time and attention, failing to maintain proper control of the vehicle, failing to maintain a proper lookout, failing to yield the right of way, failing to take steps so as to avoid a collision, failing to maintain a proper speed, failing to maintain a safe distance, and failing to exercise ordinary and reasonable care under the circumstances.

21. As a direct and proximate result of the collision, Plaintiffs suffered bodily injuries that have caused, and will continue to cause, physical and mental pain and suffering for the rest of their lives. Plaintiffs have incurred, and will continue to incur, medical, therapeutic, and related expenses including lost wages and property damage.

22. The above injuries were caused solely and proximately by the negligence of Defendants, without any contributory negligence on the part of Plaintiffs.

23. At the time of the subject incident, Defendant Helmsman underwrote and issued for the vehicle, in which Plaintiff was passengers, a contract of insurance covering, among other things, damages arising out of bodily injury and property damage caused by accidents, and arising out of the ownership, maintenance or use of under-insured motor vehicles (the "Helmsman Policy").

24. The Helmsman Policy was in full force and effect on the date of the vehicle collision alleged herein.

25. Plaintiffs were covered by the Helmsman Policy on May 19, 2019.

26. Plaintiffs have complied with all conditions precedent to the filing of this Complaint.

### Claim for Relief I:  Negligence of Defendants

27. Plaintiffs restate and reallege each and every allegation set forth above as if fully set forth herein.

28. At all times mentioned herein, Defendants had the duty to operate their motor vehicles in a reasonably safe manner, which included paying full time and attention, maintaining proper control of the vehicle, maintaining a proper lookout, yielding the right of way, taking steps so as to avoid a collision, maintaining a proper speed, maintaining a safe distance, and exercising ordinary and reasonable care under the circumstances.

29. In violation of this duty, Defendants caused the motor vehicle collision as set forth herein.

30. As a direct and proximate result of the negligence of Defendants, Plaintiffs suffered injuries and damages as set forth above.

31. The above injuries and damages were solely and proximately caused by the negligence of Defendants, without any contributory negligence on the part of Plaintiffs.

### Claim for Relief II: Vicarious Liability of Defendant Rasier

32. Plaintiffs restate and reallege each and every allegation set forth above as if fully set forth herein.

33. At all times mentioned herein, Defendant Godo had the duty to operate his motor vehicle in a reasonably safe manner, which included paying full time and attention, maintaining control of the vehicle, yielding the right of way, maintaining a proper lookout, and exercising ordinary and reasonable care under the circumstances.

34. In violation of this duty, Defendant Godo caused the motor vehicle collision as set forth herein.

35. At all material times, Defendant Godo was acting within the scope of his employment and/or agency for Defendant Rasier.

36. At all material times, Defendant Rasier gave Defendant Godo authority and/or permission, either express or implied, to drive its vehicle.

37. Therefore, Defendant Rasier is vicariously liable for the negligence of its agent and/or employee, Defendant Godo, as alleged herein.

38. In addition, Defendant Rasier is responsible for Defendant Godo's negligence as the owner of the vehicle that he was operating, with Defendant Rasier's permission and consent.

39. As a proximate result of Defendant Godo's negligence, Plaintiffs suffered injuries and damages as set forth above.

40. The above injuries were caused solely and proximately by Defendant Godo and Defendant Rasier's negligence, without any contributory negligence on the part of Plaintiffs.

### Claim for Relief III:  Breach of Contract by Defendant Helmsman

41. Plaintiffs restate and reallege each and every allegation set forth above as if fully set forth herein.

42. Defendant Helmsman underwrote and issued to the vehicle, in which Plaintiffs were passengers, a contract of insurance covering, among other things, damages arising out of bodily injury and property damage caused by accidents, and arising out of the ownership, maintenance or use of under-insured motor vehicles (the "Helmsman Policy").

43. The Helmsman Policy was in full force and effect on the date of the vehicle collision alleged herein.

44. Plaintiffs were covered by the Helmsman Policy on May 19, 2019.

45. Plaintiffs have at all times complied with the terms of the Helmsman Policy and are entitled to be paid by Defendant Helmsman any and all damages sustained by Plaintiffs up to the policy limits of the Helmsman Policy that covered Plaintiffs at the time of the collision that is the subject of this complaint.

46. Defendant Helmsman has failed to pay Plaintiffs' damages and, therefore, has breached the contract.

47. Plaintiffs have complied with all conditions precedent to the filing of this complaint.

\* \* \*

**WHEREFORE,** Plaintiffs respectfully request judgment against each Defendant in an amount to be determined at trial but believed to be no more than one million dollars ($1,000,000.00) in compensatory damages, plus costs of suit, pre and post judgment interest, and such other and further relief as this Court deems just and proper.

### Jury Demand

Plaintiffs, through the undersigned counsel and pursuant to Rule 38 of the District of Columbia Rules of Civil Procedure, hereby demand trial by jury of all issues in this matter.

Dated: January 4, 2022                    RESPECTFULLY SUBMITTED,

/s/ **Joanne J. Lee**

Joanne J. Lee #1719212
Michael C. Robinett #503231
SIMEONE & MILLER, LLP
1130 Connecticut Avenue, NW
Suite 350
Washington, DC 20036
(202) 628-3050
Fax: (202) 466-1833
jlee@simeonemiller.com
mrobinett@simeonemiller.com
*Counsel for Plaintiff*